UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LISA N. ROY,

                Plaintiff,

    -against-                                        No. 1:10-CV-0216 (LEK/DRH)

MERCY OF NORTHERN NY,

                Defendant.
_____

## DECISION and ORDER

**I.      INTRODUCTION**

      Plaintiff Lisa Roy ("Plaintiff"), proceeding *pro se*, commenced the instant action pursuant to 42 U.S.C. § 1983, alleging violations of her civil rights in connection with the termination of her employment. Dkt. No. 1 ("Complaint"). On March 3, 2010, United States Magistrate Judge David R. Homer issued an Order directing Plaintiff to submit a complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. (Dkt No. 3) ("March 2010 Order"). In light of Plaintiff's failure to comply with this Order, Judge Homer issued a Report-Recommendation and Order recommending that Plaintiff's Complaint be dismissed without prejudice. Dkt. No. 4 ("Report-Recommendation"). Plaintiff filed no objections to the Report-Recommendation, and it was adopted by Order of the Court on September 13, 2010. Dkt. No. 5. Plaintiff appealed the decision, but the appeal was dismissed on March 8, 2011, due to Plaintiff's failure to file the necessary forms with the Second Circuit. Dkt. No. 9. Presently before the Court is Plaintiff's Motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 10 ("Motion"). For the following reasons, Plaintiff's Motion is denied.

**II.     DISCUSSION**

Plaintiff's Motion, which is nearly incomprehensible, is described on the docket as "regarding new evidence" pursuant to Rule 60(b).  Rule 60(b) provides, *inter alia*, for relief from a judgment in light of "newly discovered evidence."  FED. R. CIV. P. 60(b)(2).  Relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  Plaintiff does not identify any such exceptional circumstances, and her Motion does not otherwise fall within the grounds set forth in Rule 60(b).  Although Plaintiff claims that she was "sick for the last 6 months," she does not substantiate any such illness or explain why she did not (or could not) respond to the March 3, 2010 Order or seek an extension of time to file an amended complaint.  In fact, after filing the Complaint and a Motion for leave to proceed *in forma pauperis*, Plaintiff took no action in connection with her case for nearly seven months until she filed a Notice of appeal of the dismissal of her Complaint.  Under these circumstances, the Court finds that relief under Rule 60(b) is not warranted.[1]

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. No. 10) is **DENIED**; and it is further

---

[1] Further, Plaintiff was advised by the March 2010 Order that the Court's Local Rules require every paper filed with the Court to be "plainly and legibly written, typewritten, printed or reproduced."  March 2010 Order at 2; N.D.N.Y. L.R. 10.1(b)(2).  Despite having been advised of the Court's filing requirements, Plaintiff's submissions consist of handwriting that is very difficult to decipher and is presented in a disjointed fashion, including writing in the margins and in various directions.  See Mot.; Dkt. No. 13 (Supplemental filing).  Thus, it is nearly impossible for the Court to understand the basis of her Motion.  Further, Plaintiff's Motion does not cure the deficiencies identified in the March 2010 Order, as Plaintiff has neither submitted an amended complaint that complies with Rules 8 and 10 of the Federal Rules nor provided a sufficient explanation for her failure to do so.

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: March 15, 2012
        Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge